## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## SOUTHERN DIVISION

| | |
|---|---|
| **JORGE AMAYA,**<br>5305 Crown Point Road<br>Burke, VA 22015 | Civil Action No.<br><br>**COLLECTIVE ACTION COMPLAINT** |
| **MIGUEL MARTINEZ,**<br>13212 Twinbrook Parkway #202<br>Rockville, MD 20851 | |
| **CARLOS A. REAL,**<br>6028 Lebanon Street<br>Falls Church, VA 22041 | |
| **JAMIE ZUBIETA,**<br>9015 Whispering Pine Court<br>Manassas, VA 20110 | |
| **JOSE SANABRIA**<br>17738 Top Field Dr.<br>Gaithersburg, MD 20877 | |
| **DONACIANO CRUZ**<br>302 S. Whiting St. Apt S24<br>Alexandria, VA 22304 | |
| **On behalf of themselves and all<br>others similarly situated,** | |
| **Plaintiffs,** | |
| **v.** | |
| **POWER DESIGN, INC.**<br>11600 Ninth Street North<br>St. Petersburg, FL 33716 | |
| **Defendant.** | |

1

Plaintiffs JORGE AMAYA, MIGUEL MARTINEZ, CARLOS REAL, JAMIE ZUBIETA, JOSE SANABRIA, and DONACIANO CRUZ ("Plaintiffs"), on behalf of themselves individually and all other persons similarly situated known and unknown, through their attorneys, for their Complaint against Power Design, Inc. ("Defendant"), state as follows:

## NATURE OF THE ACTION

1. This lawsuit arises out of Defendant's failure to pay Plaintiffs and other similarly-situated persons all earned overtime wages and failure to compensate Plaintiffs and other similarly-situated persons for all time worked in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Maryland Wage Payment and Collection Law, Md. Code Ann., Labor & Employment Article, § 3-501, *et seq.* ("MWPCL"); and, Defendant's failure to properly classify Plaintiffs under the Maryland Workplace Fraud Act, Md. Code Ann., Labor & Employment Article, § 3-901, *et seq.* and the damages that arise from that misclassification.

2. Defendant Power Design, Inc. ("Defendant") is an electrical contractor that provides services within this judicial jurisdiction, including the work performed at the Bethesda Navy Exchange, 8901 Wisconsin Ave, Bethesda, MD 20889, which is at issue in this lawsuit. Defendant, through Rigor Espinoza, d/b/a ES&R, and Noe Rodriguez, d/b/a RDZ Electric, paid Plaintiffs and similarly-situated employees their regular hourly wage for hours worked in excess of 40 hours in a workweek, in violation of the requirement that Defendant pay these employees time and one-half their regular hourly rate for hours worked in excess of 40 hours in any one workweek.

3. Defendant failed to properly classify Plaintiffs and similarly situated individuals as employees of Defendant even though Defendant supervised and controlled Plaintiffs' and similarly-situated employees' daily assignments and work schedule.

2

4. Defendant knowingly required Plaintiffs and similarly-situated employees to perform unpaid work before their scheduled shift time, including, but not limited to, preparing materials and equipment to complete daily tasks.

5. On information and belief, the amount of uncompensated time Plaintiffs and similarly-situated employees spent on unpaid activities averaged approximately 15 minutes per day per person for work performed prior to the official start time of employees' shift.

6. Plaintiffs bring their FLSA overtime claims on behalf of themselves individually and as a collective action pursuant to 29 U.S.C. §216(b).

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over Count I of this complaint pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331 because this action arises under the laws of the United States.

8. This Court has supplemental jurisdiction over Count II in this complaint, which arises under the laws of the Maryland, pursuant to 28 U.S.C. §1367(a), because the claims in Count II arise from a common set of operative facts as Count I. The Claims in Count II are so related to the claims in the action within the original jurisdiction of this Court that they form part of the same case or controversy.

9. This Court has supplemental jurisdiction over Count III in this complaint, which arises under the laws of the Maryland, pursuant to 28 U.S.C. §1367(a), because the claims in Count III arise from a common set of operative facts as Count I. The Claims in Count III are so related to the claims in the action within the original jurisdiction of this Court that they form part of the same case or controversy.

10. Venue is proper in the United States District Court for the District of Maryland, Southern Division, pursuant to 28 U.S.C. §1391(b), because a substantial part of Defendant's

actions and omissions giving rise to the claims in this Complaint occurred in the Maryland. Defendant frequently does business in Maryland and is subject to personal jurisdiction in the district.

## **PLAINTIFFS**

11. Plaintiff Jorge Amaya is an adult resident of the Commonwealth of Virginia.

12. Mr. Amaya worked for Defendant as an electrical construction worker, performing work at the Bethesda Navy Exchange, 8901 Wisconsin Ave, Bethesda, MD 20889, from on or about June 2012, through on or about October 2012.

13. For the entire duration of the events giving rise to the allegations in this Complaint, Mr. Amaya was an "employee" of Defendant as that term is defined by Section 203(e) of the FLSA, and as that term is interpreted pursuant to Md. Code Ann., Labor & Employ. Art., §3-501 *et seq.*

14. For the entire duration of the events giving rise to the allegations in this Complaint, Defendant was Mr. Amaya's "employer" as that term is defined by and/or interpreted by Md. Code Ann., Labor & Employ. Art., §3-101(c), §3-401(c); §3-501(b); and §3-901(c), and Section 203(d) of the FLSA.

15. For the entire duration of the events giving rise to the allegations in this Complaint, Mr. Amaya was employed in "construction services" as that term is defined by Md. Code Ann., Labor & Employ. Art., §3-901.

16. Plaintiff Miguel Martinez is an adult resident of the state of Maryland.

17. Mr. Martinez worked for Defendant as an electrical construction worker, performing work at the Bethesda Navy Exchange, 8901 Wisconsin Ave, Bethesda, MD 20889, from on or about May 2012, through on or about October 2012.

18. For the entire duration of the events giving rise to the allegations in this Complaint, Mr. Martinez was an "employee" of Defendant as that term is defined by Section 203(e) of the FLSA, and as that term is interpreted pursuant to Md. Code Ann., Labor & Employ. Art., §3-501 *et seq*.

19. For the entire duration of the events giving rise to the allegations in this Complaint, Defendant was Mr. Martinez's "employer" as that term is defined by and/or interpreted by Md. Code Ann., Labor & Employ. Art., §3-401(c); §3-501(b); and §3-901(c); and Section 203 of the FLSA(d).

20. For the entire duration of the events giving rise to the allegations in this Complaint, Mr. Martinez was employed in "construction services" as that term is defined by Md. Code Ann., Labor & Employ. Art., §3-901(b).

21. Plaintiff Carlos Real is an adult resident of the Commonwealth of Virginia.

22. Mr. Real worked for Defendant as an electrical construction worker at the Bethesda Navy Exchange, 8901 Wisconsin Ave, Bethesda, MD 20889, from on or about March 2012, to on or about August 2012.

23. For the entire duration of the events giving rise to the allegations in this Complaint, Mr. Real was an "employee" of Defendant as that term is defined by Section 203(e) of the FLSA, and as that term is interpreted pursuant to Md. Code Ann., Labor & Employ. Art., §3-501 *et seq*.

24. For the entire duration of the events giving rise to the allegations in this Complaint, Defendant was Mr. Real's employer as that term is defined by and/or interpreted by Md. Code Ann., Labor & Employ. Art., §3-401(c), and §3-501(b); and §3-901(c); and Section 203(d) of the FLSA.

25. For the entire duration of the events giving rise to the allegations in this Complaint, Mr. Real was employed in "construction services" as that term is defined by <u>Md. Code Ann.,</u> Labor & Employ. Art., §3-901(b).

26. Plaintiff Jamie Zubieta is an adult resident of the Commonwealth of Virginia.

27. Mr. Zubieta worked for Defendant as an electrical construction worker, performing work at the Bethesda Navy Exchange, 8901 Wisconsin Ave, Bethesda, MD 20889, from on or about March 2012, to on or about September 2012.

28. For the entire duration of the events giving rise to the allegations in this Complaint, Mr. Zubieta was an "employee" of Defendant as that term is defined by Section 203(e) of the FLSA, and as that term is interpreted pursuant to <u>Md. Code Ann.,</u> Labor & Employ. Art., §3-501 *et seq.*

29. For the entire duration of the events giving rise to the allegations in this Complaint, Defendant was Mr. Zubieta's "employer" as that term is defined by and/or interpreted by <u>Md. Code Ann.,</u> Labor & Employ. Art., §3-401(c), and §3-501(b), and §3-901(c), and Section 203(d) of the FLSA.

30. For the entire duration of the events giving rise to the allegations in this Complaint, Mr. Zubieta was employed in "construction services" as that term is defined by <u>Md. Code Ann.,</u> Labor & Employ. Art., §3-90(b).

31. Plaintiff Jose Sanabria is an adult resident of the state of Maryland.

32. Mr. Sanabria worked for Defendant as an electrical construction at the Bethesda Navy Exchange, 8901 Wisconsin Ave, Bethesda, MD 20889, from on or about June 2011, to on or about July 2012.

33. For the entire duration of the events giving rise to the allegations in this Complaint, Mr. Sanabria was an "employee" of Defendant as that term is defined by Section 203(e) of

the FLSA, and as that term is interpreted pursuant to <u>Md. Code Ann.</u>, Labor & Employ. Art., §3-501 *et seq.*

34. For the entire duration of the events giving rise to the allegations in this Complaint, Defendant was Mr. Sanabria's "employer" as that term is defined by and/or interpreted by <u>Md. Code Ann.</u>, Labor & Employ. Art., §3-401(c), §3-501(b), and §3-901(c), and Section 203 of the FLSA.

35. For the entire duration of the events giving rise to the allegations in this Complaint, Mr. Sanabria was employed in "construction services" as that term is defined by <u>Md. Code Ann.</u>, Labor & Employ. Art., §3-901(b).

36. Plaintiff Donaciano Cruz is an adult resident of the Commonwealth of Virginia.

37. Mr. Cruz worked for Defendant as an electrical construction at the Bethesda Navy Exchange, 8901 Wisconsin Ave, Bethesda, MD 20889, from on or about July 2011, to on or about June 2012.

38. For the entire duration of the events giving rise to the allegations in this Complaint, Mr. Cruz was an "employee" of Defendant as that term is defined by Section 203(e) of the FLSA, and as that term is interpreted pursuant to <u>Md. Code Ann.</u>, Labor & Employ. Art., §3-501 *et seq.*

39. For the entire duration of the events giving rise to the allegations in this Complaint, Defendant was Mr. Cruz's "employer" as that term is defined by and/or interpreted by <u>Md. Code Ann.</u>, Labor & Employ. Art., §3-401(c), and §3-501(b), and §3-901(c), and Section 203 of the FLSA.

40. For the entire duration of the events giving rise to the allegations in this Complaint, Mr. Cruz was employed in "construction services" as that term is defined by <u>Md. Code Ann.</u>, Labor & Employ. Art., §3-901(b).

## DEFENDANT

41. Defendant is a Florida corporation with its principal place of business in St. Petersburg, Florida.

42. Defendant provides services as an electrical contractor in Maryland.

43. Defendant is an enterprise engaged in interstate commerce.

44. Upon information and belief, Defendant has annual receipts in excess of $500,000.00.

45. At all relevant times, Defendant had and exercised both actual and apparent authority to hire and fire Plaintiffs, direct and supervise Plaintiffs' work, and bind and set wage and hour policies applicable to Plaintiffs.

46. Defendant is an employer within the meaning of 29 U.S.C. §203(d).

47. Defendant is an employer within the meaning of Md. Code Ann., Labor & Employ. Art., §3-501(b).

48. Defendant is an employer within the meaning of Md. Code Ann., Labor & Employ. Art., §3-901(c)

## FLSA COLLECTIVE ACTION CLASS

49. Plaintiffs bring this action as a collective action pursuant to 29 U.S.C. §216(b) on behalf of themselves individually and all other persons similarly situated who are or have been employed by Defendant for the Navy Exchange building project as non-exempt, hourly employees, from January 2011 to the date of final disposition of this action (the "FLSA Class Period"), who were not paid "time and one-half" their regular hourly rate for hours worked in excess of forty (40) in any one workweek, and who were not compensated for all hours worked. Together, these individuals shall be referred to as the "FLSA Class Members."

50. The action is being brought as a collective action under the FLSA, 29 U.S.C. §216(b), because Plaintiffs are similarly situated in that they all: (a) had similar duties; (b) performed similar tasks; (c) were protected by the same requirements under the FLSA to receive minimum wages and overtime wages unless specifically exempted; (d) were subjected to similar pay plans; (e) were not compensated for hours worked prior to the start time of their shift; (f) were required to work and did work in excess of forty hours per week; and, (g) were not paid at a rate of one and one-half times their respective regular rates of pay for all such overtime hours worked.

51. The approximate number of FLSA Class Members is over 30, and all of these individuals were performing electrical contracting services for Defendant during the relevant FLSA Class Period.

52. With the filing of this Complaint, the six (6) named Plaintiffs also file opt-in forms stating that they wish to participate in this litigation. Plaintiffs expect that number to increase in the coming weeks. Thus, a collective action is the most efficient mechanism for resolution of the claims of the FLSA Class Members.

53. An action under 29 U.S.C. §216(b) is superior to all other available methods for the fair and efficient adjudication of this controversy, since the damages suffered by certain individual FLSA Class Members may be relatively small, and the expense and burden of individual litigation would make it impossible for individual FLSA Class Members to redress the wrongs done to them. Further, because of the similarity of the FLSA Class Members' claims, individual actions would present the risk of inconsistent adjudications, subjecting Defendant to incompatible standards of conduct.

## STATEMENT OF FACTS

54. Defendant provides electrical contractor services in Maryland and the District of Columbia.

55. Between June 2011 and July 2012, Noe Rodriguez d/b/a RDZ Electric supplied laborers to Defendant.

56. Mr. Rodriguez is not an electrical contractor or an electrical subcontractor, is not licensed to do any business in the State of Maryland, and does not have the knowledge, skill or ability to provide and/or supervise the provision of electrical contractor services.

57. Between June 2011 and July 2012, Defendant paid Plaintiffs Donaciano Cruz and Jose Sanabria through Mr. Rodriguez.

58. Mr. Rodriguez was not present at the Navy Exchange on a regular basis.

59. Mr. Rodriguez did not determine Plaintiffs' assignments or supervise Plaintiffs' work.

60. Mr. Rodriguez did not provide the materials necessary for completion of work at the Naval Exchange Project.

61. Mr. Rodriguez did not provide any safety equipment to Plaintiffs.

62. Mr. Rodriguez's sole role at the Bethesda Navy Exchange project was to identify and deliver laborers to work under the direction and control of Defendant, and to serve as a "pass through" for wages Defendant owed Plaintiffs and others similarly situated.

63. Upon information and belief, Mr. Rodriguez received payments from Defendant, based on the number of hours worked by each Plaintiff, for the wages Defendant owed to each Plaintiff and similarly situated individuals.

64. Upon information and belief, Mr. Rodriguez retained a portion of the monies he received from Defendant for the work performed by Plaintiffs, and he then paid a fixed hourly wage to each Plaintiff and similarly situated employee.

65. Using these funds supplied by Defendant, Mr. Rodriguez issued a pay check to Plaintiffs and similarly situated employees on a bi-weekly basis.

66. Between March 2012 and November 2012, Rigar Espinoza d/b/a ES&R supplied laborers to Defendant.

67. Mr. Espinoza is not an electrical contractor or an electrical subcontractor, is not licensed to do any business in the State of Maryland, and does not have the knowledge, skill or ability to provide and/or supervise the provision of electrical contractor services.

68. Between March 2012 and November 2012, Defendant paid Plaintiffs Jorge Amaya, Miguel Martinez, Carlos Real, and Jamie Zubieta through Mr. Espinoza.

69. Mr. Espinoza was not present at the Navy Exchange on a regular basis.

70. Mr. Espinoza did not determine Plaintiffs' assignments or supervise work.

71. Mr. Espinoza did not provide any materials necessary for completion of the project.

72. Mr. Espinoza did not provide any safety equipment to Plaintiffs.

73. Mr. Espinoza's sole role at the Bethesda Navy Exchange project was to identify and deliver laborers to work under the direction and control of Defendant, and to serve as a "pass through" for wages Defendant owed Plaintiffs and others similarly situated.

74. Upon information and belief, Mr. Espinoza received payments from Defendant, based on the number of hours worked by each Plaintiff, for the wages Defendant owed to each Plaintiff and similarly situated individuals.

75. Upon information and belief, Mr. Espinoza retained a portion of the monies he received from Defendant for the work performed by Plaintiffs, and he then paid a fixed hourly wage to each Plaintiff and similarly situated employee.

76. Pursuant to Defendant's operating procedure, the role of Mr. Espinoza and Mr. Rodriguez was to serve as "pass through" by which the wages owed by Defendant to Plaintiffs was paid to Plaintiffs through either Mr. Espinoza or Mr. Rodrigez.

77. According to Defendant's policies, the laborers supplied by Mr. Espinoza and Mr. Rodriguez were integrated into Power Design's organizational structure and "part of the [Power Design] team."

78. Defendant's organizational policies incorporate laborers supplied by Mr. Espinoza and Mr. Rodriguez and these policies depict those workers – including Plaintiffs and those similarly situated -- as under the direct supervision of Defendant's foreman.

79. Defendant's employees, in particular Jonathan Ladner, Foreman and later Superintendent, and Charlie Crichfield, Superintendent, supervised Plaintiffs and similarly situated individuals, and controlled the terms and conditions of their employment.

80. Defendant exercised the power to assign Plaintiffs and similarly situated individuals job tasks and to direct the means of carrying out those tasks.

81. Defendant monitored and evaluated the job performance of Plaintiffs' and similarly situated individuals.

82. Defendant provided Plaintiffs and similarly situated individuals with the tools and materials needed to perform the assigned work.

83. Defendant provided Plaintiffs and similarly situated employees with safety equipment needed to perform their assigned work.

84. Defendant required Plaintiffs and/or Defendant's employees to record Plaintiffs' work hours on time sheets that were created and maintained by Defendant.

85. Defendant exercised the power to control Plaintiffs' and similarly situated individuals' work schedules and employment status.

86. Defendant exercised the power to hire and fire Plaintiffs and similarly situated individuals.

87. Defendant knowingly required Plaintiffs and similarly situated employees to perform unpaid work before their shift began, including, but not limited to, preparing materials and equipment and putting on safety gear.

88. Defendant routinely required Plaintiffs to arrive at the worksite at 6:15 a.m. to prepare for the days' assignments.

89. Defendant did not permit Plaintiffs to sign-in on the sign-in sheet until 6:30 a.m., which was the official start of Plaintiffs' work shift.

90. Defendant did not pay Plaintiffs for all time worked before 6:30 a.m.

91. Defendant routinely required Plaintiffs and similarly situated employees to work in excess of forty (40) hours in one workweek.

92. Defendant provided the funds used by Mr. Rodriguez and Mr. Espinoza to pay Plaintiffs and similarly situated individuals for their work on the Navy Exchange site.

93. Upon information and belief, the hourly rates that Defendant paid to Mr. Espinoza and Mr. Rodriguez for Plaintiffs' labor, for those hours in excess of 40 hours in a work week, were insufficient to cover time and one-half of Plaintiffs' hourly rates that Plaintiffs were owed for those overtime hours.

94. Upon information and belief, at all relevant times, Defendants paid Plaintiffs and similarly situated employees by the hour.

95. At all relevant times, Plaintiffs and similarly situated employees were "non-exempt" employees for purposes of the FLSA.

96. Defendant required Plaintiffs and similarly situated employees to complete time sheets reporting the hours worked. These time sheets show that Plaintiffs and similarly situated employees frequently worked in excess of forty (40) hours per week.

97. Defendant had and has a legal obligation to pay the Plaintiffs and similarly situated employees for all work performed, including overtime compensation for hours in excess of forty (40) hours each workweek.

98. Defendant had and has a legal obligation to pay the Plaintiffs and similarly situated employees the agreed upon rate for hours worked.

99. Defendant did not pay Plaintiffs and similarly situated employees all wages owed for each hour worked.

100. Upon information and belief, Defendant failed to pay Plaintiffs and similarly situated employees overtime at the rate of one and one-half times their regular hourly rate for hours worked in excess of forty (40) hours during each workweek.

101. To date, Plaintiffs and similarly situated employees have not been paid all earned compensation Defendant owes them for hours worked prior to the beginning of their shift and for overtime hours worked during the Navy Exchange construction project.

102. Defendant was and is aware that the FLSA requires Defendant to pay all employees the overtime wages at one and one-half of their regular hourly rate.

103. Defendant was and is aware that the MWPCL requires Defendants to timely pay employees at a rate agreed to by the parties.

104. Defendant failed to properly classify Plaintiffs and similarly situated individuals as employees of Defendant.

105. Defendant was and is aware that the Maryland Workplace Fraud Act requires Defendant to classify the labor supplied by Mr. Rodriguez and Mr. Espinoza as employees of Defendant.

106. The Fair Labor Standards Act requires Defendant to maintain detailed records regarding Plaintiffs' work, including, but not limited to, the compensation paid to each employee, the rate of pay for each employee, and the total hours worked each workday and each workweek by an employee. 29 C.F.R. §516, *et seq.*

107. The Maryland Wage and Hour Law and the Maryland Workplace Fraud Act require Defendant keep and maintain records for at least three years documenting the hours worked by each employee, and the amount paid to each employee, and the total hours worked each workday and each workweek by an employee. Md. Code. Ann., Labor & Employment Article, § 3-424; Md. Code. Ann., Labor & Employment Article, § 3-914.

108. Defendant was and is aware of the legal requirements regarding record keeping referenced in the preceding paragraphs.

## COUNT 1: VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Collective Action)

109. Plaintiffs and the FLSA Class Members re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

110. At all times relevant hereto, Defendant was an enterprise "engaged in commerce" within the meaning of Section 3(s) of the FLSA. 29 U.S.C. 203(s)

111. At all times relevant hereto, Defendant was an "employer" within the meaning of Section 3(d) of the FLSA. 29 U.S.C. 203(d).

112. At all times relevant hereto, each Individual Plaintiff and member of the FLSA Class was Defendant's "employee" as defined by Section 3(e) of the FLSA. 29 U.S.C. § 203(e).

113. Plaintiffs and the FLSA Class Members are or were employed by Defendant to perform manual labor and other "non-exempt" duties under the FLSA.

114. Plaintiffs and FLSA Class Members were not compensated for work performed prior to the start of their shift, in violation of the FLSA's mandate that they be paid at least the federal minimum wage for all hours worked. 29 U.S.C. §206.

115. Plaintiffs and the FLSA Class Members each worked more than forty (40) hours in one or more workweeks within the FLSA Class Period.

116. In violation of 29 U.S.C. §207(a), Defendants failed to pay Plaintiffs and the FLSA Class Members minimum wage for all hours worked, and overtime work at a rate of at least one-and-one-half times the employees' regular rates of pay, for hours in excess of forty (40) worked in any given workweek.

117. Defendants' violations of the FLSA were repeated, willful and intentional. Defendants knew that the FLSA requires it to pay time and one-half for all hours worked over 40 in one week. Accordingly, a three-year statute of limitations governs this claim pursuant to 29 U.S.C. §255(a).

118. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not in violation of the FLSA, and as a result thereof, Plaintiffs and the other similarly situated individuals are entitled to recover all unpaid overtime compensation and for hours worked prior to the start of their shift, an additional amount of liquidated damages in an amount equal to the amount of unpaid minimum wages and

overtime wages described above, pursuant to section 16(b) of the FLSA, plus costs and reasonable attorneys' fees incurred in the filing and maintenance of this action.

119. Alternatively, should the Court find that Defendants have not acted willfully in failing to pay minimum wage and overtime pay, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

## COUNT II: VIOLATION OF THE MARYLAND WAGE AND PAYMENT COLLECTION LAW

120. Plaintiffs hereby re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

121. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

122. At all times relevant hereto, Defendant was an "employer" within the meaning of Md. Code Ann., Labor & Employ. Art., §3-501(b).

123. At all times relevant hereto, each Individual Plaintiff and each similarly situated individual was an "employee" as defined by Md. Code Ann., Labor & Employ. Art., §3-501 et seq.

124. The matter set forth in this Count arises from Defendant's failure and refusal to pay Plaintiffs their wages earned, in violation of Md. Code. Ann., Labor & Employment Article, § 3-501, et. seq.

125. During the course of their employment with Defendant, Plaintiffs and similarly situated individuals were not compensated for all time worked in certain workweeks.

126. During the course of their employment with Defendant, Defendant failed to pay Plaintiffs and similarly situated employees at a rate of at least one-and-one-half times

17

the employees' regular rates of pay for hours in excess of forty (40) worked in any given workweek.

127. Defendant's failure to pay Plaintiffs and those similarly situated employees the overtime wages they earned violates the MWPCL.

128. Defendant's failure to play Plaintiffs and similarly situated employees for all earned wages at the rates agreed to by the parties violated the MWPCL.

129. The wages withheld from Plaintiffs were not withheld as a result of a bona fide dispute.

## COUNT III: VIOLATION OF THE MARYLAND WORKPLACE FRAUD ACT

130. Plaintiffs hereby re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

131. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

132. At all times relevant hereto, Defendant was an "employer" within the meaning of Md. Code Ann., Labor & Employ. Art., §3-901.

133. For the entire duration of the events giving rise to the allegations in this Count each individual Plaintiff and each similarly situated individual was employed in "construction services" as that term is defined by Md. Code Ann., Labor & Employ. Art., §3-901.

134. The matter set forth in this Count arises from Defendant's failure to properly classify plaintiffs in violation of Md. Code. Ann., Labor & Employment Article, § 3-901, *et. seq.*

135. Defendant exercised control and direction over Plaintiffs' and similarly situated employees' work on a daily basis.

136. Defendant exercised control and direction over the hours and schedule Plaintiffs and similarly situated employees worked.

137. Defendant exercised the ability to hire and fire Plaintiffs and similarly situated employees.

138. Defendant assigned tasks to Plaintiffs and similarly situated employees and supervised completion of those tasks.

139. Defendant's failure to classify Plaintiffs and similarly situated employees as employees of Defendant violates the Maryland Workplace Fraud Act.

140. Defendant "knowingly failed to properly classify" Plaintiffs and similarly situated employees as that term is defined by Md. Code. Ann., Labor & Employment Article, § 3-904(b).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs JORGE AMAYA, MIGUEL MARTINEZ, CARLOS REAL, JAMIE ZUBIETA, JOSE SANABRIA, and DONACIANO CRUZ on their own behalf and on behalf of all others similarly situated, demand judgment against the Defendant for a sum that will properly, adequately and completely compensate Plaintiffs for the nature, extent and duration of their damages, and the costs of this action and further request the Court:

A. Declare this Action to be maintainable as a collective action pursuant to 29 U.S.C. §216(b);

B. Award each Plaintiff and those similarly situated his or her unpaid overtime wages, plus an equal amount in liquidated damages, pursuant to 29 U.S.C.

§§ 207 and 216;

C. Award to Plaintiffs their costs and attorneys' fees incurred in this action, as provided for by 29 U.S.C. § 216(b);

19

D. Enter judgment in the amount of all back wages due, as provided by the Maryland Payment and Collection Act pursuant to Md. Code. Ann., Labor & Employment Article, § 3-507.2(a);

E. Enter judgment in the amount of three times the amount of wages due, plus reasonable attorney's fees and costs, as provided by Md. Code Ann., Labor & Employment Article. § 3-507.2(b);

F. Enter judgment in the amount owed to Plaintiffs pursuant to Md. Code Ann., Labor & Employment Article. § 3-911(c)(1);

G. Enter judgment in the amount of three times the amount of damages as provided by Md. Code Ann., Labor & Employment Article. § 3-911(c)(2);

H. Award reasonable attorney's fees and costs incurred in filing this action;

I. Award prejudgment interest at 6% annum on the back wages in accordance with the Maryland Constitution, Article III, § 67;

J. Issue an injunction precluding Defendant from violating the Maryland Wage Payment and Collection Act, Md. Code Ann., Labor & Employment Article, §3-501, *et seq.*;

K. Issue an injunction precluding Defendant from violating the Maryland Workplace Fraud Act, Md. Code Ann., Labor & Employment Article, §3-901, *et seq.*; and

L. Award such other and further relief as the Court deems appropriate and just.

Respectfully submitted,

Daniel A. Katz

Daniel A. Katz, Bar No. 13026
dkatz@ggilbertlaw.com

*Cori Cohen
ccohen@ggilbertlaw.com
The Law Offices of Gary M. Gilbert & Associates
1100 Wayne Avenue, Suite 900
Silver Spring, MD 20910
Tel: (301) 608-0880
Fax: (301) 608-0881

*Virginia Diamond
vdiamond@ashcraftlaw.com
Ashcraft & Gerel, LLP
2000 L Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 738-6400
Fax: (202) 416-6392
*Attorneys for Plaintiffs*

*Pro hac vice* application to be submitted