IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| AMAYA, JORGE, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> POWER DESIGN, INC. <br><br> Defendant. | Civil Case No.   1:14-CV-00446-JFM |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION TO STAY PLAINTIFFS' PENDING MOTION FOR
CONDITIONAL CERTIFICATION UNTIL
DEFENDANT'S PENDING MOTION FOR SUMMARY JUDGMENT IS RESOLVED**

Defendant Power Design, Inc. ("Power Design" or "Defendant"), by and through its undersigned counsel, hereby moves to stay Plaintiff's Motion for Conditional Certification (ECF No. 33) until the Court rules on Power Design's pending Motion for Summary Judgment (ECF No. 31) in the above-captioned case.  In the alternative, Power Design moves for 21 additional days following the Court's ruling on the Motion for Summary Judgment to oppose the Motion for Conditional Certification.  In support of this Motion, Power Design states as follows:

This matter arises out of a lawsuit filed on behalf of a putative class of Plaintiffs alleging violations of the Fair Labor Standards Act ("FLSA"), the Maryland Wage Payment and Collection Law ("MWPCL"), and the Maryland Workplace Fraud Act ("MWFA").  Specifically, Plaintiffs seek conditional certification of a class of employees who worked at the Bethesda Navy Exchange and were allegedly subject to violations of wage and hour laws by Power Design.  Plaintiffs also request that the Court approve the issuance of Plaintiffs' proposed notices

and order Power Design to provide Plaintiffs' counsel with an electronic database of all current and former hourly employees.

In response to the Complaint, Power Design filed a Motion for Summary Judgment seeking judgment in its favor as to each count of Plaintiffs' complaint. Specifically, Plaintiffs' federal and state law claims are precluded because there is no private cause of action under the Davis-Bacon Act and the Contract Work Hours Safety Standards Act and Plaintiffs' state law claims are barred by the Federal Enclave Doctrine.

This Court has "broad discretion to stay proceedings." *Clinton v. Jones*, 520 U.S. 706-07 (1997). In deciding whether to grant a motion to stay, the Court may consider "the length of the requested stay, the hardship that that [sic] the movant would face if the motion were denied, the burden a stay would impose on the nonmovant, and whether the stay would promote judicial economy by avoiding duplicative litigation." *Mut. Funds Inv. Litig. V. Putnam Inv. Mgmt. LLC*, 2011 U.S. Dist. LEXIS 42845, at *7, 2011 WL 3819608, at *1 (D. Md. April 20, 2011); *see also Air Line Pilots Association v. Miller*, 523 U.S. 886, 880 n.6 (1998) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." (internal citation omitted)).

The Court should exercise its authority to stay the pending Motion for Conditional Certification here since the overarching issue to be resolved by the pending Motion for Summary Judgment is the viability of all of Plaintiffs' claims against Power Design. As such, the resolution of the pending Motion for Summary Judgment in Power Design's favor will extinguish Plaintiffs' claims and their ability to have a class certified. Power Design should not be required to respond to Plaintiffs' Motion for Conditional Certification until the Court

determines whether summary judgment is appropriate to dispose of Plaintiffs' claims. *See Darrow v. WKRP Mgmt., LLC*, 2011 U.S. Dist. LEXIS 51353, at *6 (D. Col. May 2, 2011) (granting defendants' motion to stay because "requiring the defendants to respond to a Motion for Conditional Certification at this time would unnecessarily burden the defendants, in view of the pending motion to dismiss. Determination now of the conditional certification issue would not benefit the court's case coordination and could unnecessarily expand and complicate the case.").

The interests of judicial economy will also be served by a ruling on Power Design's pending Motion for Summary Judgment before the further briefing and litigation of the Motion for Conditional Certification. Should this Court grant Power Design's Motion for Summary Judgment, it will not need to address the issue of whether a class should be certified against Power Design and related notice requirements, and further briefing by both parties will not be necessary. Even if the Court were to grant only partial summary judgment, the removal of certain of Plaintiffs' claims and causes of action will impact the notice requirements, at a minimum, and will potentially impact the scope of the class based upon statute of limitations considerations under state law.

Further, in the event the Motion for Summary Judgment is denied, the requested stay and extension of time will not prejudice the Plaintiffs. First, after filing their Complaint, Plaintiffs have waited approximately 12 months to file their Motion for Conditional Certification. Surely, Plaintiffs would not be prejudiced, and cannot now claim prejudice, by a brief delay while the Court considers and rules on Power Design's Motion for Summary Judgment. Second, counsel for Power Design has offered a tolling agreement to Plaintiffs' counsel so as to preserve any rights by putative class members that could be affected by the Court's granting of a Stay.

Should the Court deny the Motion for Summary Judgment, its review of the Motion for Conditional Certification will only be delayed by a few months at most and, as noted above, Plaintiffs will be not prejudiced by the additional time.  By contrast, Power Design will be greatly prejudiced by having to respond to and litigate a Motion for Conditional Certification, which requests both certification of a class and notice to alleged employees of Power Design, when this Court may dismiss the claims against Power Design.  This would require Power Design to expend substantial resources on litigation that may ultimately be terminated upon the Court's ruling on the Motion for Summary Judgment and complicate, rather than streamline, the issues before the Court.

WHEREFORE, Defendant Power Design, Inc., for the reasons set forth herein, respectfully prays this Court enter an order staying Plaintiffs' pending Motion for Conditional Certification until such a time that the Court has resolved the pending Motion for Summary Judgment filed by Power Design.  After such time, should the Court deny the pending Motion for Summary Judgment, in part or in whole, Defendant respectfully prays for 21 days to file a response to Plaintiff's Pending Motion for Conditional Certification.

Respectfully submitted,

March 2, 2015                              /s/
                                   Paul DeCamp (*pro hac vice*)
                                   Leslie Stout-Tabackman (*pro hac vice*)
                                   Alta M. Ray (MD Bar No. 18940)
                                   10701 Parkridge Boulevard, Suite 300
                                   Reston, VA  20191
                                   Telephone:    (703) 483-8300
                                   Facsimile:    (703) 483-8301
                                   DeCampP@jacksonlewis.com
                                   Leslie.Stout@jacksonlewis.com
                                   Alta.Ray@jacksonlewis.com

4

*Counsel for Defendant,*
*Power Design, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this Monday, March 02, 2015, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF System, and served electronically on counsel of record:

Daniel A. Katz
Cori Cohen
Lucy B. Bansal
The Law Offices of Gary M. Gilbert & Associates
1100 Wayne Avenue, Suite 900
Silver Spring, MD 20910
Ph: (301) 608-0880
Fax: (301) 608-0881
dkatz@ggilbertlaw.com
ccohen@ggilbertlaw.com
lbansal@ggilbertlaw.com

Virginia Diamond
Ashcraft & Gerel, LLP
2000 L Street, N.W., Suite 400
Washington, D.C. 20036
Ph: (202) 738-6400
Fax: (202) 416-6392
vdiamond@ashcraftlaw.com

/s/
Alta M. Ray

4835-7325-3922, v. 1